IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00219-PAB-CBS

DOUGLAS A. MAYHEW,

    Plaintiff,

v.

CHERRY CREEK MORTGAGE CO., INC., et al.,

    Defendants.
_____

**ORDER ACCEPTING RECOMMENDATION OF U.S. MAGISTRATE JUDGE**
_____

    This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 118] ("the Recommendation") concerning the following motions:

(1)    Plaintiff's Verified Motion to Dismiss Action Against Certain Defendants Pursuant to Fed. R. Civ. P. 41 (filed July 9, 2009) [Docket No. 98];

(2)    Defendant Security Title Guaranty Co.'s Motion to Dismiss and Joinder in Various Co-Defendants' Pending Motions to Dismiss (filed May 1, 2009) [Docket No. 63];

(3)    Defendant Brice, Vander Linden & Wernick, P.C. and Joe M. Lozano, Jr.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), or, in the Alternative, Motion for Summary Judgment as to Claims Against Brice, Vander Linden & Wernick, P.C. and Joe M. Lozano, Jr. (filed April 17, 2009) [Docket No. 47], joined by Defendant Wachovia Bank, N.A. on April 21, 2009 [Docket No. 51];

(4)    Defendant P.C. Wolf's Motion to Dismiss Pursuant [to] Rules 12(b)(2), 12(b)(5) and 12(b)(6), Fed. R. Civ. P. (filed April 3, 2009) [Docket No. 33];

(5)    Defendants Wells Fargo Bank, N.A.; Wells Fargo Asset Securities Corporation; Mortgage Electronic Registration Systems; Joan Mills, and Bradley Davis's Motion to Dismiss Pursuant to Rule 12(b)(6), Fed. R. Civ. P. (filed April 3, 2009) [Docket No. 29], joined by Defendants Cherry Creek Mortgage Company, Inc.,

> Ziel, Smith, Bradshaw, and Rychlec on April 20, 2009 [Docket No. 48], joined by Defendant Wachovia Bank, N.A. on April 21, 2009 [Docket No. 51], and joined by Defendant Guaranty Bank and Trust Company on May 14, 2009 [Docket No. 73]; and

(6) Motion for a More Definite Statement and to Dismiss the Claims Against Ziel, Bradshaw, Rychlec, and Smith in their Individual Capacities (filed March 31, 2009) [Docket No. 24], joined by Defendant Wachovia Bank, N.A. on April 21, 2009 [Docket No. 51] and joined by Defendant Guaranty Bank and Trust Company on May 14, 2009 [Docket No. 73].

Plaintiff filed timely objections [Docket No. 120] to the Recommendation on January 7, 2010, along with a request for an extension of time to file more complete objections [Docket No. 119]. By Minute Order dated January 13, 2010 [Docket No. 121], the Court gave plaintiff until January 14, 2010 to file his complete objections. Plaintiff filed untimely objections on January 20, 2010 [Docket No. 122]. Defendants Wells Fargo, N.A., Wells Fargo Asset Securities Corp., and Mortgage Electronic Registration Systems filed a response [Docket No. 124] to plaintiff's January 20, 2010 objections. On February 22, 2010, plaintiff asked for an extension of time to February 26, 2010 to file a reply to the response brief. [Docket No. 125] The Court granted this request and gave plaintiff until March 8, 2010 to file such reply. However, plaintiff filed no reply by the deadline.

### A. Standard of Review

Plaintiff appears *pro se* in this case and, as a result, the Court must review his claims liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

### B. Analysis of Plaintiff's Objections

Plaintiff fails to make any specific objection to the analysis contained in the Recommendation. The Recommendation carefully analyzes each of plaintiff's claims and concludes, after reviewing plaintiff's allegations and the law applicable to plaintiff's claims, that plaintiff's claims should be dismissed. Plaintiff's January 7, 2010 objections states "Mr. Mayhew generally objects, respectfully, to most every Recommendation of the Magistrate Judge" [Docket No. 120 at 2]. As to matters "generally" objected to, these objections do not preserve a right to *de novo* review.

Plaintiff's January 20, 2010 objections do not make any specific objections to the Recommendation other than objecting to the magistrate judge's order [Docket No. 117] striking plaintiff's amended complaint. This raises the issue of whether plaintiff's objection to the magistrate judge's order striking the amended complaint is properly before the Court. Plaintiff filed his amended complaint on November 3, 2009. The magistrate judge struck the amended complaint without prejudice because it was untimely, incomplete, and failed to comply with several Local Rules. Docket No. 117. The magistrate judge required plaintiff to file a motion to seek leave to amend and to demonstrate good cause for filing it out of time. *Id.* Plaintiff did not seek leave to file an amended complaint and did not file any objections to the magistrate judge's November 4, 2009 order. Given that fact, plaintiff's objection to the magistrate judge's November 4, 2009 order is not properly before the Court and plaintiff has waived an objection to that order.

Even if the Court considers plaintiff's request for leave to amend his complaint as an alternative to dismissal and therefore a proper objection to the Recommendation, the

Court denies the request and thus overrules the objection. The history of this case is characterized by defendants seeking dismissal of plaintiff's claims and plaintiff seeking extensions of time to either respond to the motions to dismiss or to amend his complaint. Plaintiff filed this action on February 4, 2009, along with a "verified emergency motion enjoining defendants' foreclosure sale," which the Court denied. Between late March and the end of April, defendants filed motions to dismiss. On April 22, 2009, plaintiff requested an extension of time to respond to the motions to dismiss. On April 24, 2009, the request was granted and plaintiff was given until May 7, 2009 to respond to the motions to dismiss. On May 5, 2009, plaintiff filed another motion for extension of time and to consolidate the various motions to dismiss. On May 6, 2009, the Court ordered that the deadlines to respond to the motions to dismiss were stayed until the May 29, 2009 status conference. At the status conference, the Court gave plaintiff until July 7, 2009 to file an amended complaint and stayed all other briefing deadlines. On September 14, 2009, plaintiff asked for additional time to file his amended complaint. The magistrate judge gave plaintiff until September 29, 2009. On September 28, 2009, plaintiff filed another motion for extension of time and was granted another 30 days in which to file his amended complaint, making the complaint due on October 28, 2009. On November 3, 2009, plaintiff finally filed his amended complaint. On November 4, 2009, the magistrate judge entered an order striking the first amended complaint without prejudice on grounds it was untimely. As previously stated, plaintiff failed to seek leave to file an amended complaint after that order. Having failed either to properly amend his complaint or to seek timely leave to do so, the Court finds that plaintiff has failed to demonstrate good cause to amend his complaint. *See Green v.*

*Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("Although dismissal is indeed a drastic sanction, we have repeatedly upheld dismissals in situations where the parties themselves neglected their cases").

The Court now considers the magistrate judge's recommendations as to the motions to dismiss. The Court has reviewed all portions of the Recommendation and each of the motions to dismiss *de novo*, regardless of whether plaintiff filed general or specific objections. The Court agrees with each of the magistrate judge's recommendations. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 118] is accepted and plaintiff's objections [Docket Nos. 120 and 122] are overruled. It is further

ORDERED that plaintiff's Verified Motion to Dismiss Action Against Certain Defendants Pursuant to Fed. R. Civ. P. 41 [Docket No. 98] is granted, and defendants Mike Smith, Heather Bradshaw, Christine Rychlec, Whitney Winick, Bradley Davis, Brice, Vander Linden & Wernick, P.C., Joe Lozano, Britney Beall-Eder, P.C. Wolf, Ericka Olson, Lauren Smith, Guaranty Bank and Trust Company, Abby Larsen, CIT Group/Consumer Finance, Inc., Nationwide Title Clearing, Inc., Dusti Woodbury, Indymac Bancorp, Inc., Richard G. Gebhart, and John and Jane Does 1 through 1001 are dismissed voluntarily without prejudice. It is further

ORDERED that, in light of the dismissal of defendant P.C. Wolf, defendant P.C. Wolf's Motion to Dismiss Pursuant [to] Rules 12(b)(2), 12(b)(5) and 12(b)(6), Fed. R. Civ. P. [Docket No. 33] is denied as moot. It is further

5

ORDERED that defendant Security Title Guaranty Co.'s Motion to Dismiss and Joinder in Various Co-Defendants' Pending Motions to Dismiss [Docket No. 63] is granted, and defendant Security Title Guaranty Co. is dismissed.  It is further

ORDERED that defendants Brice, Vander Linden & Wernick, P.C. and Joe M. Lozano, Jr.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), or, in the Alternative, Motion for Summary Judgment as to Claims Against Brice, Vander Linden & Wernick, P.C. and Joe M. Lozano, Jr. [Docket No. 47], joined by defendant Wachovia Bank, N.A. [Docket No. 51], is granted, and defendant Wachovia Bank, N.A. is dismissed.  It is further

ORDERED that defendants Wells Fargo Bank, N.A.; Wells Fargo Asset Securities Corporation; Mortgage Electronic Registration Systems; Joan Mills, and Bradley Davis's Motion to Dismiss Pursuant to Rule 12(b)(6), Fed. R. Civ. P. [Docket No. 29], joined by Defendants Cherry Creek Mortgage Company, Inc., Ziel, Smith, Bradshaw, and Rychlec [Docket No. 48], joined by defendant Wachovia Bank, N.A. [Docket No. 51], and joined by defendant Guaranty Bank and Trust Company [Docket No. 73] is granted, and defendants Mortgage Electronic Registration Systems, Wells Fargo Bank, N.A., Wells Fargo Asset Securities Corporation, Cherry Creek Mortgage Company, Inc., Joan Mills, and Wachovia Bank, N.A. are dismissed.  It is further

ORDERED that the Motion for a More Definite Statement and to Dismiss the Claims Against Ziel, Bradshaw, Rychlec, and Smith in their Individual Capacities [Docket No. 24], joined by Defendant Wachovia Bank, N.A. [Docket No. 51] and joined by Defendant Guaranty Bank and Trust Company [Docket No. 73] is granted, and defendants Nora Ziel and Wachovia Bank, N.A. are dismissed.  It is further

ORDERED that, while the record shows no answer or other response by defendants US Bancorp, Castle Meinhold & Stawiarski, LLC, or Jennifer Rogers, for all the reasons explained in the Recommendation, defendants US Bancorp, Castle Meinhold & Stawiarski, LLC, and Jennifer Rogers are dismissed. It is further

ORDERED that this matter, and all claims asserted therein, is dismissed.

DATED March 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge