IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00219-PAB-CBS

DOUGLAS A. MAYHEW,

    Plaintiff,

v.

CHERRY CREEK MORTGAGE CO., INC., et al.,

    Defendants.

_____

**ORDER DENYING RULE 59(e) MOTION**
_____

This matter comes before the Court on plaintiff Douglas A. Mayhew's motion [Docket No. 137] pursuant to Federal Rule of Civil Procedure 59(e). On March 10, 2010, the Court accepted the Recommendation of United States Magistrate Judge [Docket No. 118] and dismissed this matter. Judgment entered against Mr. Mayhew on March 15, 2010. Mr. Mayhew filed his motion requesting that the Court reconsider its entry of judgment on April 12, 2010 within twenty-eight days of the entry of judgment [Docket No. 137]. Mr. Mayhew filed a Notice of Appeal of the judgment on the same day [Docket No. 135].

### A. Jurisdiction over Plaintiff's Motion

Although "[g]enerally, a party's filing of a notice of appeal divests the district court of jurisdiction," *U.S. v. Power Eng'g Co.*, 10 F. Supp. 2d 1165, 1169 (D. Colo. 1998) (citing *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990)), when a notice of appeal is filed *after* the entry of judgment but *before* the disposition of a post-judgment motion,

the notice of appeal does not become effective until the order disposing of the last post-judgment motion is entered. Fed. R. App. P. 4(a)(4)(B)(i). Even where a Notice of Appeal is filed *before* a Rule 59(e) motion, the district court still retains jurisdiction to deny the Rule 59(e) motion while the appeal is pending. *See Leadership Conference on Civil Rights v. Gonzales*, 421 F. Supp. 2d 104, 107 (D.D.C. 2006).

Here, Mr. Mayhew's Notice of Appeal and his Rule 59(e) motion were filed on the same day, although his Notice of Appeal was docketed before his Rule 59(e) motion. However, for purposes of resolving his Rule 59(e) motion, it does not matter which filing came first. If the Court treats the Rule 59(e) motion as filed first, the Notice of Appeal would not be effective and would not divest this Court of jurisdiction until the Rule 59(e) motion is resolved. *See* Fed. R. App. P. 4(a)(4)(B)(i). On the other hand, if the Court treats the Notice of Appeal as filed first, the Court still retains jurisdiction to deny the Rule 59(e) motion. *See Leadership Conference on Civil Rights*, 421 F. Supp. 2d at 107.

### B. Standard of Review

Mr. Mayhew appears *pro se* in this case and, as a result, the Court must review his claims liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Because Rule 59(e) circumvents the normal appeals process, relief under the rule is strictly prescribed: "Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel.*

2

*Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

**C. Analysis**

Mr. Mayhew fails to make any specific allegations of error or manifest injustice regarding the Court's dismissal of his complaint. His motion refers generally to the Court contradicting itself [Docket No. 137 at 2] and denying Mr. Mayhew his constitutional rights [Docket No. 137 at 3], but makes no specific arguments as to errors by the Court. He appears to take issue with the magistrate judge striking his First Amended Complaint [Docket No. 117] but, as explained in the Court's Order Accepting Recommendation of U.S. Magistrate Judge [Docket No. 132], the magistrate judge granted Mr. Mayhew several extensions in order to give him extra time to amend his complaint. Mr. Mayhew failed to do so. Moreover, when he ultimately filed his amended complaint, it was untimely. After the magistrate judge's order striking the amended complaint, plaintiff failed to seek leave to file it again, and this Court found plaintiff failed to demonstrate good cause to amend the complaint [Docket No. 132 at 4]. Nothing in Mr. Mayhew's motion to reconsider suggests that this finding was in error.

Upon consideration of Mr. Mayhew's liberally construed Rule 59(e) motion, the Court finds that Mr. Mayhew fails to demonstrate the existence of an intervening

change in controlling law or new evidence and fails to convince the Court of any need to correct clear error or prevent manifest injustice. The motion to reconsider will be denied. Accordingly, it is

ORDERED that plaintiff Douglas A. Mayhew's Fed. R. Civ. P. 59(e) Motion Requesting the Court Reconsider Its Entry of Judgment and Order Accepting the U.S. Magistrate Judge's Recommendation [Docket No. 137] is DENIED.

DATED October 20, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge